PEOPLE *v.* MARSTON.

ASSAULT WITH INTENT TO RAVISH—EVIDENCE—NEW TRIAL.
In a prosecution for assault with intent to ravish, evidence examined, and *held* not only to justify the inference of intent, but to warrant the trial judge in refusing to set aside the verdict as against the weight of .the evidence.

Exceptions before judgment from superior court of Grand Rapids; Newnham, J.   Submitted November 20, 1903.   (Docket No. 245.)   Decided December 22, 1903,

Frank Marston was convicted of assault with intent to commit the crime of rape.   Affirmed.

*Grove & McDonald*, for appellant.

*William B. Brown*, Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of an assault with the intent to commit the crime of rape.   The case is brought here for review, and the sole question is whether the record is barren of proof of the intent to use force and to have sexual intercourse with the prosecutrix at all hazards.

The case is one in which the intent must be inferred from the attending circumstances, and ' such inference is to be drawn by the jury.   We are all convinced that there were circumstances from which the jury was justified in drawing the inference of the specific intent charged.   This being so, it is not enough that a doubt may exist in our minds as to whether the more reasonable inference is not that the respondent only aimed at seduction.   The trial judge, who noted the appearance of the witnesses on the stand, was of the opinion that the verdict was not so clearly against the weight of testimony as to justify its vacation.

We do not find the case so clear as to justify us in overruling his decision.

Conviction affirmed.

MOORE, CARPENTER, and GRANT, JJ., concurred.
HOOKER, C. J., took no part in the decision.